IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MY SWEET PETUNIA, Plaintiff, v. STAMPIN' UP, INC., Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>Case Number 2:18-CV-796 TS<br><br>District Judge Ted Stewart |
| STAMPIN' UP, INC., Counterclaimant, v. MY SWEET PETUNIA, INC., Counterclaim Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss.[1] Defendant seeks the dismissal of Counts III, VI, and IX of the First Amended Complaint. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff filed this patent infringement action on October 11, 2018. Plaintiff is the owner by assignment of U.S. Patent No. 9,731,531 ("the '531 Patent"), U.S. Patent No. 9,925,812 ("the '812 Patent"), and U.S. Patent No. 9,931,875 ("the '875 Patent") (collectively, the "Patents-in-Suit"). The patents

> are generally directed to a novel stamping tool for craftwork that includes a base with gridlines, a workspace, two magnets that are attracted to ferromagnetic material disposed below the workspace, a widthwise rigid raised side portion bordering the workspace, a lengthwise rigid raised side portion bordering the

---

[1] The two previously filed motions to dismiss (Docket Nos. 14 and 21) have been rendered moot by the filing of amended pleadings.

workspace and disposed approximately 90 degrees to the widthwise rigid raised side portion, a widthwise ruler, a lengthwise ruler, a removable foam pad, and a cover portion with gridlines pivotably attached to the base.

. . .

The inventions to which the Patents-in-Suit are directed enable a user to apply an ink stamp to a particular location on cardstock or other stampable substrate by placing the cardstock on the workspace against the widthwise and lengthwise rigid raised side portions, placing the magnets over the cardstock, placing the ink stamp on the interior face of the cover portion opposite the workspace, and moving the cover portion toward the workspace as one would turn a page of a book.[2]

Plaintiff alleges that Defendant's product—the Stamparatus—infringes certain claims of the Patents-in-Suit. Plaintiff's Amended Complaint asserts claims for direct infringement, induced infringement, and contributory infringement of all three Patents-in-Suit. Defendant seeks dismissal of the claims for contributory infringement.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

---

[2] Docket No. 22 ¶ 12–13.

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[9] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[11]

### III. DISCUSSION

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'"[12] "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow

---

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[9] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[10] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[11] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[12] *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (quoting 35 U.S.C. § 271(c)).

3

an inference that the components sold or offered for sale have no substantial non-infringing uses."[13] "In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'"[14] "Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie."[15]

Plaintiff alleges that Defendant's product has no substantial non-infringing use. Defendant, however, argues that the exhibits to the Amended Complaint conclusively demonstrate that its product has a substantial non-infringing use. Defendant contends that each of the methods of use claimed in the asserted patents require that the user position the paper against the widthwise and lengthwise raised side portions of the platform. Defendant states that a video demonstrating how to use the Stamparatus shows the user place the paper in the middle of the workspace, rather than the sides. Defendant argues that use of the Stamparatus in this manner is a substantial non-infringing use.

In response, Plaintiff points out that not all of the asserted claims require the paper be placed against the rigid side portions. Thus, even accepting Defendant's argument, certain claims remain at issue. In Reply, Defendant "concedes that the middle-of-the-workspace use does not establish non-infringement as to the three asserted apparatus claims: claim 6 of the '531 patent, claim 16 of the '812 patent, and claim 16 of the '875 patent."[16] Defendant nevertheless

---

[13] *Id.*

[14] *Id.* (quoting *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009)).

[15] *Id.* at 1338.

[16] Docket No. 39, at 2.

4

argues that dismissal of Plaintiff's contributory infringement claim is appropriate as to the other asserted claims of the patents.

Defendant's concession necessarily marks the end of the road for their Motion. "Rule 12(b)(6) is a vehicle to dismiss a 'claim' in its entirety."[17] Thus, it does not provide a mechanism "to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety."[18] Since Defendant's Motion only seeks to dismiss a portion of Plaintiff's contributory infringement claims and not the claims in their entirety, it must be denied. Moreover, the Court agrees with Plaintiff that dismissal is not appropriate at this time. It is not clear from the Amended Complaint and attached exhibits that the middle of the workspace is a substantial non-infringing use.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 35) is DENIED. It is further

ORDERED that the previously filed Motions to Dismiss (Docket No. 14 and 21) are DENIED AS MOOT.

---

[17] *Meeks v. Emiabata*, No. 7:14-cv-534, 2015 WL 1636800, at *2 (W.D. Va. Apr. 13, 2015).

[18] *Id.* (collecting cases); *see also Digecor, Inc. v. E. Digital Corp.*, No. 2:06-cv-437 TS, 2007 WL 185477, *4 (D. Utah, January 19, 2007) (denying the defendant's motion to dismiss asking court to limit damages recovery because it "in essence, ask[ed] the Court to affirmatively rule on a specific sub-issue within Plaintiff's causes of action, not to dismiss any of Plaintiff's claims").

DATED this 23rd day of April, 2019.

       BY THE COURT:

       _____
       Ted Stewart
       United States District Judge