IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MY SWEET PETUNIA, INC.,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>STAMPIN' UP! INC.,<br><br>        Defendant/Counterclaim Plaintiff. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:18-CV-796 TS<br><br>District Judge Ted Stewart |

This matter is before the Court for claim construction.  In addition, both parties have moved for partial summary judgment.  For the reasons discussed below, the Court will adopt Plaintiff's proposed claim construction, grant Plaintiff's motion for partial summary judgment, and deny Defendant's motion for partial summary judgment.

## I.  BACKGROUND

Iliana Garza is the inventor of the Patents-in-Suit and founded Plaintiff Petunia to sell the invention—MISTI or Most Incredible Stamp Tool Invented—described in those patents.  That tool allows a user to position a card in the corners created by rigid raised side portions, place a magnet on top of the card, and move the cover toward the card to stamp the card.  In November 2017, Defendant introduced its own stamping tool called the Stamparatus.  Plaintiff contends that this device infringes the Patents-in-Suit.[1]

---

[1] U.S. Patent Nos. 9,731,531 (the "'531 patent"), 9,925,812 (the "'812 patent"), and 9,931,875 (the "'875 patent").  While the Patents-in-Suit contain slightly different language, the issues raised by the parties' briefs apply in equal force to all three patents, except where noted.

After Plaintiff brought suit, Defendant sought reexamination from the U.S. Patent & Trademark Office ("USPTO").  The USPTO granted that request and the Court stayed this matter pending reexamination.  Following reexamination, the USPTO issued Reexamination Certificates for each of the Patents-in-Suit.

## II.  CLAIM CONSTRUCTION

In *Markman v. Westview Instruments, Inc.*,[2] the Supreme Court held that claim construction is a matter exclusively within the province of the court.[3]  When analyzing claim construction, "[f]irst, we look to the words of the claims themselves, both asserted and nonasserted, to define the scope of the patented invention."[4]  Claim terms are generally given their ordinary and accustomed meaning as understood by one of ordinary skill in the art.[5]  "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words.  In such circumstances, general purpose dictionaries may be helpful."[6]  A patentee may choose, however, "to be his own lexicographer and use terms in a manner other than their ordinary meaning, as long as the special definition of the term is clearly stated in the patent specification or file history."[7]  "Thus, second, it is always necessary to review the specification to determine

---

[2] 517 U.S. 370 (1996).

[3] *Id.* at 372.

[4] *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

[5] *Id.*

[6] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc) (internal citation omitted).

[7] *Vitronics Corp.*, 90 F.3d at 1582.

whether the inventor has used any terms in a manner inconsistent with their ordinary meaning."[8]

"Third, the court may also consider the prosecution history of the patent, if in evidence."[9]

The relevant language, as set out in claim 1 of the '531 patent, is as follows:

An apparatus for craftwork comprising:

a substantially rectangular base comprising a base width, a base length and a base periphery defining a perimeter of the base, the substantially rectangular base further comprising a workspace configured to support a stampable substrate having a widthwise edge and a lengthwise edge, the substantially rectangular base further comprising a widthwise rectangular ruler comprising indicia spaced at regular intervals and extending generally parallel to the base width and a lengthwise rectangular ruler comprising indicia spaced at regular intervals and extending generally parallel to the base length, the substantially rectangular base further comprising a widthwise rigid raised side portion extending generally parallel to the base width, the widthwise rigid raised side portion extending above the workspace, the widthwise rigid raised side portion bordering the workspace and providing a structure against which the widthwise edge of the stampable substrate may be positioned, the substantially rectangular base further comprising a lengthwise rigid raised side portion extending generally parallel to the base length, the lengthwise rigid raised side portion extending above the workspace, the lengthwise rigid raised side portion bordering the workspace and providing a structure against which the lengthwise edge of the stampable substrate may be positioned, the lengthwise rigid raised side portion and the widthwise rigid raised side portion being disposed at an angle of approximately 90 degrees relative to each other.

The parties jointly request claim construction on the following terms: a widthwise rigid raised side portion, a lengthwise rigid raised side portion, and workspace. Plaintiff also seeks construction of "an open position in which the substantially rectangular cover portion does not contact the widthwise and lengthwise rigid raised side portions." However, that term does not play a role in the parties' summary judgment motions. Therefore, the Court declines to construe that term at this time.

---

[8] *Id.*

[9] *Id.*

The parties' respective constructions are set forth below:

| Claim Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| a widthwise rigid raised side portion | one or more widthwise rigid raised side portion | sidewalls on both the widthwise sides, which sidewalls cannot be the base of the hinge |
| a lengthwise rigid raised side portion | one or more lengthwise rigid raised side portion | sidewalls on both the lengthwise sides, which sidewalls cannot be the base of the hinge |
| workspace | Plain and ordinary meaning - i.e., stamping area | area on the base that is defined by four sidewalls |

The construction of these terms revolves around two issues: (1) whether the widthwise and lengthwise rigid raised side portions must collectively border all four sides of the workspace and (2) whether the widthwise and lengthwise rigid raised side portions must be different from the base of the hinge. The answer to both questions is no. Therefore, the Court will adopt Plaintiff's construction of these terms.

A.    FOUR SIDES

Plaintiff contends that the Patents-in-Suit only require one widthwise and one lengthwise rigid side portion. Defendant, on the other hand, contends that raised portions must be on all sides of the workspace. Defendant largely bases its interpretation on a statement made by the examiner in reexamination of the '531 patent. In the Statement of Reasons for Patentability and/or Confirmation, the examiner determined that all claims required "raised side portions on all four walls and a clear, pivoting cover that accepts an ink stamp on an interior surface."[10]

---

[10] App. 001018.

The Federal Circuit "has recognized that an Examiner's Statement of Reasons for Allowance 'will not necessarily limit a claim.'"[11]  "Consequently, an applicant's silence regarding statements made by the examiner during prosecution, without more, cannot amount to a 'clear and unmistakable disavowal' of claim scope."[12]  "After all, the applicant has disavowed nothing."[13]  Defendant is correct that "[s]tatements about a claim term made by an examiner during prosecution of an application may be evidence of how one of skill in the art understood the term at the time the application was filed."[14]  But "an applicant's silence regarding such statements does not preclude the applicant from taking a position contrary to the examiner's statements when the claim terms are construed during litigation."[15]  Thus, the examiner's statement alone is not sufficient.

In an attempt to provide the something "more" required, Defendant points to language in the claims, the specification, and the prosecution history.  None of this provides support for Defendant's argument.

Turning first to the claim terms, nothing in them supports a requirement that all four sides of the workspace must have rigid raised side portions.  The claim language is written in the singular, requiring "a widthwise rigid raised side portion" and "a lengthwise rigid raised side portion."  The Federal Circuit "has repeatedly emphasized that an indefinite article 'a' or 'an' in

---

[11] *Salazar v. Procter & Gamble Co.*, 414 F.3d 1342, 1345 (Fed. Cir. 2005) (quoting *ACCO Brands, Inc. v. Micro Sec. Devices, Inc.*, 346 F.3d 1075, 1079 (Fed. Cir.  2003)).

[12] *Id.* (citing *3M Innovative Props. Co. v. Avery Dennison Corp.*, 350 F.3d 1365, 1373–74 (Fed. Cir. 2003)).

[13] *Id.*

[14] *Id.* at 1347.

[15] *Id.*

patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'"[16]  Defendant focuses on the claim term that the side portions "border[] the workspace," but nothing in that suggests the rigid raised side portions must border the entire workspace.

The specification is even less helpful to Defendant.  The specification clearly states that the tool may contain "one or more elevated side portions."[17]  It goes on to state that in some embodiments, the accessory "may include three elevated side portions," but in others "more or less elevated side portions may be provided."[18]  Thus, nothing in the specification supports Defendant's argument.  Indeed, Defendant's interpretation would exclude the preferred embodiment from the scope of the claim, which "is rarely, if ever, correct."[19]

Finally, Defendant points to nothing in the prosecution history to show that the patentee—as opposed to the examiner—limited the scope of the claim in the way suggested by Defendant.  Defendant admits that Plaintiff "never responded to [the Examiner's] statement or corrected the Examiner's understanding."[20]  However, as stated, Plaintiff's mere silence is not sufficient to demonstrate disavowal of a claim scope.  This fact distinguishes this case from *On Demand Machine Corp. v. Ingram Industries, Inc.*,[21] relied upon by Defendant.  In that case, the inventor made certain statements to obtain the patent that were then relied upon by the

---

[16] *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000).

[17] App. 000008.

[18] *Id.*

[19] *Vitronics Corp.*, 90 F.3d at 1583.

[20] Docket No. 88, at 18.

[21] 442 F.3d 1331 (Fed. Cir. 2006).

examiner.[22]  Because of this, the court concluded that the plaintiff had limited the claim term. There is no such evidence here.

B.      BASE OF THE HINGE

Next, Defendant argues that statements made by the patentee during the reexamination proceedings lead to the conclusion that the base of a hinge cannot constitute a raised side portion. In particular, Defendant points to a statement made by the patentee to distinguish the commercial embodiment of another patent: the L Letterpress.  The L Letterpress includes a single hinge.  The patentee stated, "I do not consider the L Letterpress a competitor to the MISTI stamping tool because the product does not include magnets, a foam pad or rigid raised side portions that extend above the workspace and the product is not designed for stamping."[23]  Counsel similarly argued that the L Letterpress was inferior because it did not "include magnets, a foam pad or rigid raised side portions that extend above the workspace and the product is not designed for stamping."[24]  From this, Defendant contends that the patentee has limited the claim scope such that the base of a hinge cannot be a raised side portion.

Prosecution disclaimer prevents "patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution."[25]  "Consequently, for prosecution disclaimer to attach, [Federal Circuit] precedent requires that the alleged disavowing actions or statements made during prosecution be both clear and unmistakable."[26]  "When the alleged disclaimer is

---

[22] *Id.* at 1338–39.

[23] App. 000749.

[24] *Id.* at 000705.

[25] *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003).

[26] *Id.* at 1325–26.

ambiguous or amenable to multiple reasonable interpretations, we decline to find prosecution disclaimer."[27]

As the parties' arguments here demonstrate, the alleged disclaimer is ambiguous and subject to multiple reasonable interpretations.  It very well could be that Plaintiff was asserting that the base of a hinge cannot constitute a raised side portion.  However, it is equally possible that Plaintiff was arguing that a single hinge—as contained in the L Letterpress—does not contain both a widthwise and lengthwise raised side portion.  Moreover, this was only one of many things the patentee identified as distinguishing the L Letterpress.  Because of this, Defendant's argument of prosecution of disclaimer must be rejected.  Further, there is nothing else in the Patents-in-Suit, the specifications, or the prosecution history that would support a finding of disclaimer.  For these reasons, the Court must reject Defendant's proposed claim construction and will instead adopt Plaintiff's construction of the three terms at issue.

### III.  SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28]  The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[29]  "Once the movant has made this

---

[27] *Core Wireless Licensing S.A.R.L v. LG Elecs., Inc.*, 880 F.3d 1356, 1367 (Fed. Cir. 2018).

[28] Fed. R. Civ. P. 56(a).

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

showing, the burden shifts to the nonmovant to designate specific facts showing that there is a genuine issue for trial."[30]

## A.    INFRINGEMENT

Plaintiff seeks partial summary judgment on its claims for direct literal infringement of claims 1, 3, 6, and 21 of the '812 and '875 patents.  "Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly."[31]  Thus, the role of the Court on summary judgment in a patent infringement suit is to determine whether any reasonable juror could find that an accused product does not include all the elements contained within a patent claim.

> A district court should approach a motion for summary judgment on the fact issue of infringement with great care.  Summary judgment may, however, properly be decided as a matter of law when no genuine issue of material fact exists and no expert testimony is required to explain the nature of the patented invention or the accused product or to assist in their comparison.[32]

Plaintiff argues that if its claim construction is accepted, which it has been, it is entitled to summary judgment.  While Defendant continues to argue in support of its proposed claim construction, it also argues that summary judgment is improper even using Plaintiff's proposed construction.  Defendant first argues that summary judgment is inappropriate because it must be determined "whether the terms themselves must encompass the raised side portions on both the widthwise and the lengthwise sides of the apparatus, respectively."[33]  However, this issue is resolved through claim construction, as set forth above.

---

[30] *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001).

[31] *Amhil Enters. Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996).

[32] *Id.* at 1557–58 (internal citations omitted).

[33] Docket No. 92, at 11.

Defendant also argues that summary judgment should not be granted because there are disputes of fact as to whether the hinge structure on the Stamparatus can be both a rigid raised side portion and a hinge.  Defendant argues that, where the elements are listed separately, as they are in the '812 patent, infringement can only be found where the accused product has those separate corresponding elements.[34]

This is an issue for claim construction, not a factual issue for the jury.  Moreover, the specification of the '812 patent provides that the resulting product "may be made of a unified construction, subsets of components made of a unified construction, or each component may be separately constructed."[35]  *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*,[36] cited by Defendant, is distinguishable because the claim terms and specification made clear that the two elements were separate.[37]  Here, there is no requirement that the hinge be separate from the raised side portions.  With the resolution of these disputes, there are no material facts in dispute and Plaintiff is entitled to judgment as a matter of law.

B.    INVALIDITY

In addition to arguing that its product does not infringe, Defendant argues that Plaintiff's patents are invalid.  "[B]y statute a patent is valid upon issuance, 35 U.S.C. § 282, and included within the presumption of validity is a presumption of non-obviousness."[38]  "This presumption

---

[34] Defendant argues that this issue prevents summary judgment as to both the '812 and '875 patents.  However, the separate hinge element is only found in the '812 patent.

[35] App. 001345.

[36] 616 F.3d 1249 (Fed. Cir. 2010).

[37] *Id.* at 1254; *see also Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1231 (Fed. Cir. 2011) (distinguishing *Becton*).

[38] *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007).

also follows a patent claim surviving reexamination."[39]  A challenger must prove invalidity by

clear and convincing evidence.[40]  "[A] reexamination confirming patentability of a patent claim

alone is not determinative of whether a genuine issue of fact precludes summary judgment of no

invalidity."[41]  "It is, however, evidence the court must consider in determining whether the party

asserting invalidity has met its statutory burden by clear and convincing evidence."[42]  But the

Court remains obligated to conduct its own review.[43]

   "[I]nvalidity by anticipation requires that the four corners of a single, prior art document

describe every element of the claimed invention, either expressly or inherently, such that a

person of ordinary skill in the art could practice the invention without undue experimentation."[44]

"Although anticipation is a question of fact, it still may be decided on summary judgment if the

record reveals no genuine dispute of material fact."[45]

   "A party seeking to invalidate a patent based on obviousness must demonstrate 'by clear

and convincing evidence that a skilled artisan would have been motivated to combine the

teachings of the prior art references to achieve the claimed invention, and that the skilled artisan

would have had a reasonable expectation of success in doing so.'"[46]  "The obviousness

---

[39] *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1341 (Fed. Cir. 2018).

[40] *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011).

[41] *Exmark Mfg. Co. Inc.*, 879 F.3d at 1341.

[42] *Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1555 (Fed. Cir. 1985).

[43] *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985)

[44] *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000).

[45] *Oney v. Ratliff*, 182 F.3d 893, 895 (Fed. Cir. 1999).

[46] *Procter & Gamble, Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009) (quoting *Pfizer, Inc.*, 480 F.3d at 1361).

determination turns on underlying factual inquiries involving: (1) the scope and content of prior art, (2) differences between claims and prior art, (3) the level of ordinary skill in pertinent art, and (4) secondary considerations such as commercial success and satisfaction of a long-felt need."[47]  "[R]ejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness."[48]

Despite its claim to the contrary, Defendant does not point to a single reference that describes every element of the Patents-in-Suit.  Certain elements are missing from both references—the L Letterpress and Angevine—relied upon by Defendant.  Defendant goes on to argue that these references, along with other elements, demonstrate obviousness.  Defendant's claim is made up of mostly attorney argument rather than evidence of what a person having ordinary skill in the art would have been motivated to do.  Even considering this argument, disputes of fact preclude summary judgment on the question of invalidity.  Further, Plaintiff's evidence of secondary considerations, to which Defendant does not meaningfully respond, confirm the existence of a genuine dispute of material fact.  Therefore, Defendant's Motion will be denied.

IV.   CONCLUSION

It is therefore

ORDERED that Plaintiff's proposed claim construction is ADOPTED as to the three claims set forth above.  It is further

---

[47] *Id.*

[48] *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006).

ORDERED that grant Plaintiff's Motion for Partial summary Judgment (Docket No. 90) is GRANTED.  It is further

ORDERED that Defendant's Motion for Partial Summary Judgment as to Non-Infringement or, in the Alternative, Invalidity (Docket No. 91) is DENIED.

DATED this 28th day of January, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge